UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| MARSHA CLY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CAUSE NO: 1:26-cv-109 |
| | ) |
| MIDWEST EYE SERVICES, LLC | ) |
| d/b/a BRIDGEVIEW EYE PARTNERS, | ) |
| | ) |
| Defendant. | ) |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, Marsha Cly ("Plaintiff" or "Cly"), by counsel, for her Complaint against

Defendant, Bridgeview Eye Partners ("Defendant" or "Bridgeview"), alleges as follows:

**I.  NATURE OF CASE**

1.      Plaintiff brings this action pursuant to the Americans with Disabilities Act of

1990 ("ADA"), 42 U.S.C. §§ 12101 *et seq*., and the Age in Employment Act of 1967, *as*

*amended,* ("ADEA") alleging disability discrimination, age discrimination, and retaliation.

**II.  PARTIES**

2.      Marsha Cly is a resident of Fort Wayne, Indiana, which is within Allen County,

and at all times relevant to this action worked for Defendant within the Northern District of

Indiana, Fort Wayne Division.

3.      Bridgeview Eye Partners is a domestic non-profit corporation headquartered in

Wabash, Indiana, and conducts business within the Northern District of Indiana, including within

the Fort Wayne Division.

### III.    JURISDICTION

4.       This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343. This action arises under 42 U.S.C. §12101 *et seq*., and the 29 U.S.C. § 621 *et seq*.

5.       Defendant is an "employer" within the meaning of 42 U.S.C. §12111(5), and 29 U.S.C. § 630(b).

6.       Plaintiff is an "employee" within the meaning of 42 U.S.C. § 12111(4) and 29 U.S.C. §630(f).

7.       Plaintiff is a "qualified individual with a disability" within the meaning of 42 U.S.C. §§ 12102(1) and 12111(8).

8.       Plaintiff timely exhausted her administrative remedies by filing Charge No. 470-2026-00526 with the Equal Employment Opportunity Commission ("EEOC") pursuant to 42 U.S.C. § 12117(a) and 29 U.S.C. § 626(d). Plaintiff received a Notice of Right to Sue and filed this action within ninety (90) days of receipt.

9.       Venue is proper pursuant to 28 U.S.C. § 1391(b) and 42 U.S.C. §2000e-5(f)(3). The unlawful employment practices occurred within the Northern District of Indiana, Fort Wayne Division.

### IV.  FACTUAL AND LEGAL ALLEGATIONS

10.      Plaintiff is a qualified individual with one or more disabilities, including declining vision and osteoarthritis in both hands, which substantially limit one or more of her major life activities, has a record of a disability, and/or is regarded as disabled by the Defendant. Plaintiff can perform all the essential functions of her position with or without an accommodation.

11.      Defendant hired Plaintiff in or around 2015 until 2022 and then again starting in or around April 2024 until September 7, 2025. During the latter time frame, Plaintiff was

employed as a Charge Nurse for Defendant.

12.     At all relevant times, Plaintiff met or exceeded Defendant's performance expectations.

13.     On or around September 5, 2025, Plaintiff notified Brandy Dillon, Vice President of Operations, that she would be requesting reasonable accommodations and starting the ADA interactive process with human resources.

14.     On the same day, Plaintiff notified Defendant's Human Resources department that she would like to begin the ADA interactive process for reasonable accommodations.

15.     On or around September 15, 2025, Plaintiff messaged Pam Tidrow, Human Resources Director, regarding an issue she was having with another employee, Christine Good. Specifically, Plaintiff was concerned with Good's lack of communication regarding staff attendance, which caused problems with scheduling.

16.     That evening, Tidrow indicated to Plaintiff that the situation would be looked into and that Plaintiff would receive a follow up from Tidrow regarding the issue.

17.     On or around September 16, 2025, Plaintiff reiterated her concern with the conduct of Good to Tidrow, who did not follow up with Plaintiff regarding her concerns.

18.     That evening, Plaintiff requested Tidrow's help in obtaining the required documentation for moving forward in the ADA interactive process.

19.     On or around September 17, 2025, Plaintiff received a response from Tidrow, in which Tidrow indicated that she would reach out to Plaintiff shortly regarding the ADA interactive process.

20.     The same day, Defendant, through Tidrow and Dillon, terminated Plaintiff via phone call, alleging unprofessional conduct as the reason for the termination.

21. Plaintiff was not provided any warnings or corrective actions within approximately six months preceding her termination.

22. Plaintiff did, however, receive both a final warning and termination within the two weeks following her request for accommodations.

23. Defendant treated similarly situated, non-disabled, younger employees who had not engaged in a protected activity more favorably than Plaintiff, in violation of the ADA and ADEA.

24. Defendant's proffered reasons for Plaintiff's termination are pretextual for its unlawful discrimination and retaliation under the ADA and ADEA.

25. Defendant's unlawful actions were intentional, willful, and done in reckless disregard of Plaintiff's rights as protected by the ADA and ADEA.

26. Plaintiff has suffered and continues to suffer damages as a result of Defendant's unlawful actions in violation of the ADA and ADEA.

## V. CAUSES OF ACTION

### COUNT I – ADA DISCRIMINATION AND RETALITATION

27. Plaintiff hereby incorporates paragraphs one (1) through twenty-six (26) of her Complaint.

28. Plaintiff is a qualified individual with a disability in that she has a disability, a record of disability, and/or was regarded as disabled.

29. Defendant took adverse employment actions against Plaintiff based on her disability, her record of a disability, and/or its perception of her being disabled.

30. Defendant's unlawful actions were intentional, willful, and done in reckless disregard of Plaintiff's rights as protected by the ADA.

31.    Defendant retaliated against Plaintiff for her engagement in protected conduct of requesting reasonable accommodations.

32.    Defendant's discriminatory practices have caused Plaintiff to suffer damages.

### COUNT II—ADEA DISCRIMINATION AND RETALIATION

33.    Plaintiff hereby incorporates paragraph one (1) through thirty-two (32) of her Complaint.

34.    Defendant discriminated against Plaintiff because of her age by treating her less favorably than similarly situated, younger employees.

35.    Defendant's actions were willful, intentional, and done with reckless disregard of Plaintiff's rights in violation of the ADEA.

36.    Defendant's actions were motivated by retaliation for Plaintiff's protected activity.

37.    Defendant's discriminatory practices have caused Plaintiff to suffer damages.

### VI.  REQUESTED RELIEF

WHEREFORE, Plaintiff, Marsha Cly, respectfully requests that this Court enter judgment in her favor and award her the following relief:

1.    All wages, benefits, compensation, and other monetary relief to make her whole;

2.    Compensatory and punitive damages;

3.    All costs and attorney's fees incurred as a result of bringing this action;

4.    Pre- and post-judgment interest on all sums recoverable; and

5.    All other legal and/or equitable relief this Court sees fit to grant.

6.

Respectfully Submitted,

*s/ John H. Haskin*
John H. Haskin

*s/ Alessandra M. Rosa*
Alessandra M. Rosa

John H. Haskin & Associates
255 N. Alabama St., 2nd Floor
Indianapolis, IN 46204
jhaskin@jhaskinlaw.com
arosa@jhaskinlaw.com
(317) 955-9500
*Counsel for Plaintiff*

## DEMAND FOR JURY TRIAL

Plaintiff, Marsha Cly, respectfully requests a jury trial for all issues deemed triable.

Respectfully Submitted,

*s/ John H. Haskin*
John H. Haskin

*s/ Alessandra M. Rosa*
Alessandra M. Rosa

John H. Haskin & Associates
255 N. Alabama St., 2nd Floor
Indianapolis, IN 46204
jhaskin@jhaskinlaw.com
arosa@jhaskinlaw.com
(317) 955-9500
*Counsel for Plaintiff*